**CITY OF HOUSTON, Appellant,**

v.

**Alan HILDEBRANDT, Appellee.**

No. 01–06–00936–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 28, 2008.

Rehearing En Banc Overruled
May 19, 2008.

23

Timothy J. Higley, City of Houston Legal Department, Senior Assistant City Attorney, Houston, TX, for Appellant.

Vincent L. Marable, III, Paul Webb. P.C., Wharton, TX, Richard C. Mumey, The Mumey Law Firm, P.L.L.C., Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

## OPINION

GEORGE C. HANKS, JR., Justice.

The City of Houston ("the City") appeals the trial court's judgment denying its request for declaratory judgment and awarding Alan Hildebrandt $24,000 in statutory penalties. On appeal, the City presents three issues, arguing that the trial court improperly: (1) awarded statutory penalties to Hildebrandt because there is no evidence to support the award, (2) denied its request for declaratory judgment, and (3) granted Hildebrandt's request for declaratory judgment. We affirm.

## Background

Following surgery, Alan Hildebrandt, a fire fighter with the Houston Fire Department, began using the sick leave that he had accumulated over his 30 years working in a Fire Department suppression unit. After being on sick leave for 90 consecutive days, Hildebrandt was transferred from his suppression unit to a position with a five-day work schedule.[1] The parties agree that this transfer caused Hildebrandt to utilize his sick leave faster than when he was a member of the suppression unit.

Hildebrandt filed a step I grievance,[2] requesting that he be allowed to use his sick leave on the same schedule as it was accrued. After his step I grievance was denied, Hildebrandt filed a step II grievance,[3] which was also denied. He then submitted a written request to appeal his step II grievance to an independent hearing examiner.[4] After a hearing, the hearing examiner ordered the City to restore Hildebrandt's sick leave level to the amount it would have been had he remained on a suppression unit.[5]

The City appealed the hearing examiner's award to a district court, asking for a declaratory judgment that the City is not required to implement the hearing examiner's award. Hildebrandt brought a counter claim, asserting that he was owed statutory penalties that the City incurred by

---

1. Pursuant to Fire Department policy, after a member has been on sick or injury leave for 90 days, he is transferred to a position with a five-day work schedule.

2. See TEX. LOCAL GOV'T CODE ANN. § 143.128 (Vernon 2008) (describing the procedures a fire fighter must follow to file a step I grievance and the subsequent obligations of a municipality).

3. See TEX. LOCAL GOV'T CODE ANN. § 143.129 (Vernon 2008) (describing how a fire fighter continues the grievance procedure if he finds the proposed solution from his step I grievance unacceptable and the municipality's burden once a step II grievance is properly filed).

4. See TEX. LOCAL GOV'T CODE ANN. § 143.129(d) (explaining that, if the proposed solution following a step II grievance is unacceptable, a fire fighter may request an independent hearing examiner pursuant to section 143.057 or continue to a step III grievance).

5. The hearing examiner's award noted that "it is left to the parties to work out the exact amount to be restored to Hildebrandt's account."

intentionally failing to implement the hearing examiner's decision in a timely manner.[6] During opening statements in the trial court, the City clarified that it was claiming that the hearing examiner acted without or exceeded his jurisdiction in entering his award. The trial court denied the City's declaratory judgment action and awarded Hildebrandt $24,000 on his counter claim. The City now appeals.

## Declaratory Judgment

In its second issue, the City argues that the trial court erred in denying its motion for declaratory judgment "because the Fire Chief is statutorily entitled to assign members and to make policy relating to absences from work." [7]

## Standard of Review

■■■ We review declaratory judgments under the same standards as other judgments and decrees. TEX. CIV. PRAC. & REM.CODE ANN. § 37.010 (Vernon 1997). We look to the procedure used to resolve the issue at trial to determine the standard of review on appeal. *City of Galveston v. Giles*, 902 S.W.2d 167, 170 (Tex.App.-Houston [1st Dist.] 1995, no writ). The City's motion for declaratory judgment required the trial court to interpret the City's rights and those of the hearing examiner under the Local Government Code. Interpreting statutes is a legal matter, subject to de novo review. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex.2002). A trial court has no discretion when evaluating a question of law. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). The overriding goal of statutory interpretation is to determine the Legislature's intent. *Cont'l Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex.2002). In order to ascertain legislative intent, we first look to the plain and common meaning of the words used by the Legislature. TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005); *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 529 (Tex.2002). It is a well-settled rule of statutory construction that every word of a statute must be presumed to have been used for a purpose. *In re Bell*, 91 S.W.3d 784, 790 (Tex.2002). In ascertaining legislative intent, we do not confine our review to isolated statutory words, phrases, or clauses, but we instead examine the entire act. *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex.2001).

## Analysis

The City directs us to section 143.1095, which states that the head of a fire depart-

---

6. *See* TEX. LOCAL GOV'T CODE ANN. § 143.134(h) (Vernon 2008) (award must be implemented within 10 days).

7. Hildebrandt asserts that the City actually challenges whether the hearing examiner ignored the Fire Chief's right to transfer members of the Fire Department. Hildebrandt contends that such an argument is foreclosed, because the City can only appeal a hearing examiner's award on "grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." TEX. LOCAL GOV'T CODE ANN. § 143.057(j) (Vernon 2008); *see City of Houston v. Clark*, 197 S.W.3d 314, 324 (Tex.2006); *City of Pasadena v. Smith*, 263 S.W.3d 80, 84 (Tex.App.-Houston [1st Dist.] 2006, pet. de-

nied, rehearing on pet. filed, Jan. 23, 2008). Hildebrandt contends that the City's appeal fails because it does not concern the hearing examiner's jurisdiction.

In *Smith*, we held that, because it was not arguing that the hearing examiner exceeded his statutorily conferred jurisdiction, but rather that he misapplied the law, the City was not afforded the protection of section 143.057(j). 263 S.W.3d at 84. Here, however, the crux of the City's challenge is that, because "the Fire Chief has the unchallengeable right to assign members, the hearing examiner did not have jurisdiction to enter his award." Therefore, we address whether the trial court erred in denying the City's motion seeking a declaration that the hearing examiner had no jurisdiction to enter his award.

ment may transfer a fire fighter for numerous reasons, including for "any other specified reason the department head considers necessary." TEX. LOCAL GOV'T CODE ANN. § 143.1095(a)(6) (Vernon 2008). Thus, the City argues that the trial court erred in denying its motion for declaratory judgment, because the hearing examiner lacked jurisdiction to enter an award which usurped the Fire Chief's statutorily prescribed authority to manage the Fire Department.

After his step II grievance was denied, Hildebrandt decided to appeal to an independent hearing examiner pursuant to the provisions of section 143.057. *See* TEX. LOCAL GOV'T CODE ANN. § 143.129. Under subsection 143.057(f), the hearing examiner has the same duties and powers as the Fire Fighters' Civil Service Commission. TEX. LOCAL GOV'T CODE ANN. § 143.057(f); *see also City of Houston v. Jackson,* 192 S.W.3d 764, 768 (Tex.2006). This includes the authority to determine whether Chapter 143 and its rules are being obeyed. TEX. LOCAL GOV'T CODE ANN. § 143.009 (Vernon 2008). Therefore, hearing examiners are given the power to apply, interpret, and enforce the rules that are contained in the chapter that permits the Fire Chief to transfer fire fighters. *See Lindsey v. Fireman's and Policeman's Civil Serv. Comm'n,* 980 S.W.2d 233, 236 (Tex. App.-Houston [14th Dist.] 1998, pet. denied).

■ Here, the hearing examiner interpreted section 143.045 and ordered an award based upon his interpretation; therefore, he acted within the jurisdiction afforded him by the Local Government Code. We hold that the trial court did not err in denying the City's request for declaratory judgment.

We overrule the City's second issue.

### Sovereign Immunity

In its third issue, the City argues that the trial court improperly granted Hildebrandt's suit for statutory penalties because the claim was barred by sovereign immunity.[8] Specifically, the City asserts that Chapter 143 includes no enabling clause allowing for judicial review of Hildebrandt's claim for statutory penalties.

### Standard of Review

■ As with the City's second issue, we review interpretation of the Local Government Code de novo. *See Bragg,* 71 S.W.3d at 734. Additionally, the Texas Supreme Court has consistently held that penal statutes should be strictly construed. *See, e.g., Brown v. De La Cruz,* 156 S.W.3d 560, 565 (Tex.2004). Statutes waiving sovereign immunity and statutes waiving governmental immunity are similarly construed. *See, e.g., Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 696 (Tex. 2003). "[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2007).

### Analysis

Hildebrandt responds to the City's argument by asserting that subsection 143.134(h) clearly and unambiguously allows for a penalty to be pursued against the City. Subsection 143.134(h) provides for a statutory penalty as follows:

---

8. Additionally, the City contends that the trial court erred by allowing Hildebrandt to avoid sovereign immunity by using a declaratory action to claim monetary damages against it. However, the final judgment shows that the trial court did not grant Hildebrandt declara-tory relief, but, rather, found that he was entitled to judgment on his counter claim for statutory penalties. Therefore, a declaratory action was not used to circumvent the City's sovereign immunity.

If the decision of the commission under Section 143.131 or the decision of a hearing examiner under Section 143.129 that has become final is favorable to a fire fighter, the department head shall implement the relief granted to the fire fighter not later than the 10th day after the date on which the decision was issued. If the department head intentionally fails to implement the relief within the 10–day period, the municipality shall pay the fire fighter $1,000 for each day after the 10–day period that the decision is not yet implemented.

TEX. LOCAL GOV'T CODE ANN. § 143.134(h).

■ In determining whether a statute affords a clear and unambiguous waiver of immunity absent express language to that effect, one interpreting guideline is that a statute must waive immunity "beyond a doubt," such as "when the provision in question would be meaningless unless immunity were waived." *See Wichita Falls State Hosp.*, 106 S.W.3d at 697.

■ Here, the mandatory penalty in subsection 143.134(h) would be meaningless unless the municipality's immunity were waived. Therefore, because subsection 143.134(h) mandates that a municipality pay a penalty for noncompliance with a hearing examiner's decision after 10 days, there is a clear and unambiguous waiver of the municipality's immunity.[9] We hold that sovereign immunity did not bar the trial court from determining whether Hildebrandt was owed statutory penalties under subsection 143.134(h).

We overrule the City's third issue.

## Legal Sufficiency

In its first issue, the City argues that the trial court erred in awarding statutory penalties to Hildebrandt because the evidence is legally insufficient to support the trial court's finding that the Fire Chief intentionally failed to implement the hearing examiner's award.

## Standard of Review

■ In an appeal of a judgment rendered after a bench trial, the trial court's findings of fact have the same weight as a jury's verdict, and we review the legal sufficiency of the evidence used to support them just as we would review a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994); *In re K.R.P.*, 80 S.W.3d 669, 673 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). When challenged, a trial court's findings of fact are not conclusive if, as in the present case, there is a complete reporter's record. *In re K.R.P.*, 80 S.W.3d at 673. When a party who does not have the burden of proof at trial challenges the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Assoc. Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285–86 (Tex.1998). If there is any evidence of probative force to support the finding, i.e., more than a mere scintilla, we will overrule the issue. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex.2005).

## Analysis

Under subsection 143.134(h), "[i]f the department head intentionally fails to implement the relief" awarded to the fire fighter, the municipality must pay the fire fighter statutory penalties. TEX. LOCAL GOV'T CODE ANN. § 143.134(h). The City notes that "department head" is defined in the Local Government Code as "the chief or head of a fire or police department or

---

9. We also note that the Texas Supreme Court has recently recognized that subsection 143.134(h) applies where a municipality fails to comply with an independent hearing examiner's decision. *Jackson*, 192 S.W.3d at 772.

that person's equivalent, regardless of the name or title used." TEX. LOCAL GOV'T CODE ANN. § 143.003 (Vernon 2008). Therefore, the City argues that, because there is no evidence that the Fire Chief knew of the award, let alone intentionally failed to implement it, the trial court's finding is legally insufficient.

■ We rejected the identical argument in *City of Houston v. Jackson.* 135 S.W.3d 891, 898 (Tex.App.-Houston [1st Dist.] 2004), *overruled on other grounds,* 192 S.W.3d 764 (Tex.2006). "Intent is generally a question of fact," which "may be proven by circumstantial evidence." *Id.* Therefore, in conducting our sufficiency review, we look to see whether there is more than a scintilla of evidence, actual or circumstantial, that the Fire Chief intentionally failed to implement the award within 10 days.

■ Here, Hildebrandt sent a letter to the City on February 12, informing it that implementation of the award was five days past due, and that subsection 143.134(h) provides for a statutory penalty for non-compliance after 10 days. In the letter, Hildebrandt directed that the Fire Chief be provided a copy of the letter to ensure timely implementation of the award. Nevertheless, the evidence shows that the City did not implement the award until March 3, 34 days after the decision was issued. Therefore, we hold that there was legally sufficient evidence that the Fire Chief intentionally failed to implement the hearing examiner's award within 10 days. *See Haggar Clothing,* 164 S.W.3d at 388.

We overrule the City's first issue.

## Conclusion

We affirm the judgment of the trial court.