

# Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-13-00316-CV

**BEXAR COUNTY TEXAS**,
Appellant

v.

**DEPUTY SHERIFF'S ASSOCIATION OF BEXAR COUNTY**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-14030
Honorable Martha B. Tanner, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: January 22, 2014

AFFIRMED

This appeal arises from Bexar County's refusal to permit payroll deductions which it contends are not authorized by law. The deductions in controversy are from the paychecks of deputy sheriffs that are transmitted to the Deputy Sheriff's Association of Bexar County. The County claims the requested deductions are impermissible political action committee contributions, while the Association claims the requested deductions are permissible union membership dues. After a bench trial, the trial court granted a declaratory judgment in favor of the Association. On appeal, the County contends: (1) it is not statutorily authorized to deduct

payments which have been designated as political action committee contributions; and (2) the trial court's award of attorney's fees was not just and equitable. We disagree with the County's contentions and affirm the trial court's judgment.

BACKGROUND

In 2006, the Association became the exclusive bargaining agent for the Bexar County deputy sheriffs. In the collective bargaining agreement, the County agreed to deduct the Association's membership dues from the payroll of deputies who so authorized the deduction. The minimum amount of monthly dues necessary to maintain membership in the Association is forty dollars. The Association has also established a general purpose political action committee (PAC). If an Association member wishes to contribute an additional ten dollars of dues towards the PAC, they are instructed to authorize a payroll deduction of fifty dollars per month. After each payroll period, the County initiates a wire transfer all of the funds collected from the payroll deductions to the Association's bank account. For each forty dollar deduction, the Association treasurer then transfers thirty dollars to its parent labor organization, Combined Law Enforcement Associations of Texas (CLEAT), and ten dollars to the Association's general fund. For each fifty dollar deduction, the treasurer does the same, but transfers an additional ten dollars to the PAC account. The PAC reports the contribution in the individual name of the member to the Texas Ethics Commission.

When the Bexar County Auditor became aware that a portion of the fifty dollar deduction was ultimately transferred to the PAC, the Auditor refused to process deductions in excess of forty dollars. The Association sought a declaratory judgment declaring that its dues could be deducted in this manner. The trial court declared "that the [PAC] contributions procedure utilized by [the Association] and its members as described in [the Association's] Original Petition is not unlawful."

**PAYROLL DEDUCTIONS**

*A. Standard of Review*

A trial court's declaratory judgment involving the interpretation of a statute is a legal question subject to a de novo review. *City of Houston v. Bates*, 406 S.W.3d 539, 543 (Tex. 2013); *City of Houston v. Hildebrandt*, 265 S.W.3d 22, 25 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). An appellate court's "ultimate purpose when construing a statute is to discover the Legislature's intent." *City of Round Rock v. Rodriguez*, 399 S.W.3d 130, 133 (Tex. 2013). The best indication of that intent is found in a statute's words, which are construed "according to their plain and common meaning." *Id.*; *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); TEX. GOV'T CODE ANN. § 311.011(a) (West 2013).

*B. Discussion*

The issue in this case involves the interpretation of Section 155.001(a)(2) of the Texas Local Government Code. The statute provides, in relevant part:

> (a) The commissioners court, on the request of a county employee, may authorize a payroll deduction to be made from the employee's wages or salary for:
>> (1) payment to a credit union;
>> (2) payment of membership dues in a labor union or a bona fide employees association;
>> (3) payment of fees for parking in a county-owned facility;
>> (4) payment to a charitable organization; or
>> (5) payment relating to an item not listed in this subsection if the commissioners court determines that the payment serves a public purpose.

TEX. LOCAL GOVT. CODE § 155.001 (West 2008).

*1. Arguments of the Parties*

There is no dispute that the Association is a labor union. The County's principal argument is that Section 155.001(a)(2) exclusively authorizes a deduction of "membership dues" and that a PAC contribution is not a "membership due." The County concedes that the Association may collect membership dues by payroll deduction and then use those general funds to make PAC

contributions on behalf of the Association. However, it argues that when the PAC contributions are reported in the names of the individual members, the County exceeds statutory authority because it is deducting something other than "membership dues." The County argues that the common meaning of a "membership due" is the minimum amount the Association requires to maintain membership in good standing, which is forty dollars. The County further argues that the payroll deduction is unlawful because a county only has those powers expressly conferred or necessarily implied from other grants of power.

The Association's position is that the ten dollars that is ultimately transferred to the PAC is a voluntary portion of its membership dues. Thus, the Association argues that it maintains two tiers of membership dues—one tier for basic membership and another tier for members who wish to support the union's political activity. The Association contends that the County is not exceeding its statutory authority when it processes the fifty dollar dues deduction because the County transfers those funds directly to the Association, not to the PAC. The Association further argues that the County's position would require a county to monitor and investigate whether union membership dues ultimately are used for political purposes, which would unnecessarily entangle it in a union's political affairs and prevent a union from determining its own dues structure. To illustrate this point, the Association contends that a county would be required to inquire as to whether any portion of the CLEAT dues are ultimately used for political purposes.

*2. Legislative Intent*

We must construe the meaning of "membership dues in a labor union or bona fide employees association" as provided in Section 155.001(a)(2) to determine whether the Legislature intended that term to encompass funds that a union regularly collects from its members and subsequently transfers to a union PAC, which then reports the contribution in the individual

member's name. The Legislature has not defined "membership dues" and no Texas court has interpreted it in any context.

When determining the plain and common meaning of words in a statute, the court may rely on "definitions listed in commonly used dictionaries." *CenterPoint Energy Entex v. Railroad Comm'n of Texas*, 208 S.W.3d 608, 619 (Tex. App.—Austin 2006, pet dism'd); *see Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742, 747 (Tex. 2012). "Membership" is defined as "[t]he state or status of being a member." WEBSTER'S THIRD NEW INT'L DICTIONARY 1408 (2002). "Dues" is defined as "the fee or charge required for membership, affiliation, initiation, use, subscription." *Id.* at 699. Additionally, the Texas Attorney General construed a similar statute under the Texas Education Code[1] and defined "membership fees or dues" as "the fixed amount of money due or owed in exchange for membership." Tex. Att'y. Gen. Op. No. GA-0774 (2010).

Applying these definitions, it is clear that a "membership due" is not, as the County contends, strictly the minimum amount required to maintain membership in an organization. Rather, "membership" is the "status" of being a member and a due is the "fee . . . required" for that status. *See* WEBSTER'S THIRD NEW INT'L DICTIONARY 699, 1408 (2002). Nothing in the definition of "membership dues" forecloses the possibility that an organization can maintain multiple tiers of required and optional membership statuses, with varying levels of associated dues. Although an organization may require a minimum due to maintain membership in good standing, it may also require additional dues that entitle a member to additional membership status or benefits. *See Harden v. Colonial Country Club*, 634 S.W.2d 56, 57 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.). Therefore, a "membership due" is any amount that is paid in exchange for the status or benefits of membership. In the union context, one of these benefits may include an

---

[1] "A school district employee is entitled to have an amount deducted from the employee's salary for membership fees or dues to a professional organization." TEX. EDUC. CODE. ANN. § 22.001(a) (West 2012).

opportunity for greater participation in the union's political activity. Accordingly, the Association has defined its membership dues structure as including the following two levels: (1) forty dollars for basic membership; or (2) fifty dollars for basic membership with the additional benefit of PAC participation.

The County argues that the fifty dollar due at issue cannot be a membership due because a ten dollar portion is subsequently reported by the PAC in the individual member's name and therefore possesses the character of a PAC contribution, not a membership due. We disagree. The statute concerns only the character of a payment at the time of the payroll deduction, not at the time of some subsequent disposition. Here, the funds are membership dues at the time of the payroll deduction. The Association then makes a PAC contribution from its account after membership dues are deposited there by the County. It is undisputed that a union has a right to make PAC contributions from funds derived from its membership dues. Whether or not state law also imposes a particular reporting requirement for that transaction is not determinative of the character of a deduction for purposes of Section 155.001(a)(2).[2] Moreover, no County resources are used to facilitate the Association's PAC contribution. The transaction is an internal matter handled by the Association's treasurer wherein membership dues are transferred from one union account to another.

*C. Conclusion*

We hold that in enacting Section 155.001(a)(2), the Legislature did not intend "membership dues in a labor union or bona fide employees association" to include only the minimum amount required to maintain membership in the union or association. Rather, that term may include any amount paid in exchange for the status or benefits of membership, including

---

[2] No issue is raised on appeal regarding the propriety of a union contributing a portion of a member's membership dues to a PAC in the name of the individual member, as opposed to making the contribution in the union's name.

different amounts associated with different tiers of membership. Accordingly, the trial court did not err when it granted the declaratory judgment in favor of the Association.

### ATTORNEY'S FEES

#### A. *Standard of Review*

A trial court may award costs and attorney's fees that are both "reasonable and necessary" and "equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). Whether the awarded fees are "reasonable and necessary" is a question of fact and whether they are "equitable and just" is a question of law. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). In a declaratory judgment case, we review a trial court's award of attorney's fees for an abuse of discretion. *Id.* "It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles." *Id.* We must view the evidence in the light most favorable to the trial court's ruling, indulging every presumption in its favor. *Approach Resources I, L.P. v. Clayton*, 360 S.W.3d 632, 639 (Tex. App.—El Paso 2012, no pet.).

#### B. *Discussion*

The parties stipulated the amount of attorney's fees that were "reasonable and necessary." The only issue on appeal is whether the trial court abused its discretion in awarding attorney's fees that were not "equitable and just." After considering the written arguments of counsel and the record as a whole, the trial court awarded the Association reasonable and necessary attorney's fees as stipulated. The amount of fees stipulated for the trial court proceedings totaled $20,706.52 and $10,000 for defending an appeal to an intermediate court of appeals.

The County argues that it is "equitable and just" for both sides to bear their own costs. It contends that it was not "equitable and just" to award fees to the Association because the County acted in good faith reliance on its interpretation of the law and a prior attorney general opinion interpreting a similar statute. Further, the County cites cases where it was not an abuse of

discretion to deny attorney's fees when both parties had legitimate rights to pursue. The Association responds that the County cannot insulate itself from an award of attorney's fees by relying in good faith on the law, citing cases where governmental entities were ordered to pay attorney's fees even where the entities relied in good faith on erroneous interpretations of the law. The Association contends that it was forced to vindicate the legal rights of its members through litigation after the County refused to negotiate over the payroll deduction issue until the Association's procedure was deemed legal by a court.

Whether awarded fees are "equitable and just" is "a matter of fairness in light of all the circumstances." *Ridge Oil Co., Inc. v. Guinn Investments, Inc.*, 148 S.W.3d 143, 162 (Tex. 2004). It is within the trial court's discretion to reduce the amount of reasonable and necessary fees or to award no fees at all. *Id.* Although the good faith conduct of the parties may factor into the trial court's decision regarding award of fees, it is not determinative. *Cap Rock Elec. Co-op., Inc. v. Texas Utilities Elec. Co.*, 874 S.W.2d 92, 102 (Tex. App.—El Paso 1994, no writ) (one party's good faith did not preclude award of fees to opposing party); *cf. Texas Health Care Ass'n v. Health & Human Services Comm'n*, 949 S.W.2d 544, 548 (Tex. App.—Austin 1997, no pet.) (court did not abuse discretion by not awarding fees to either party where good faith dispute existed on issues of law).

It is conceded that both parties acted in good faith reliance on their own interpretations of the statute. While it likely would not have been an abuse of discretion to deny fees to both parties, the trial court's decision to award fees to only one party is not an abuse of discretion unless it is established that the trial court ruled "arbitrarily, unreasonably, or without regard to guiding legal principles." *Bocquet*, 972 S.W.2d at 21. Here, both parties make compelling arguments regarding the fairness of awarding fees only to the Association. However, the County has not established that the trial court's decision was arbitrary, unreasonable, or without regard to guiding legal

principles. Accordingly, the trial court did not abuse its discretion in awarding attorney's fees to the Association.

## CONCLUSION

The County has failed to establish that the trial court erred when it granted the Association's requested declaratory relief. The County has also failed to establish that the trial court abused its discretion when it awarded attorney's fees to the Association. Accordingly, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice