**Opinion issued May 13, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00605-CV
_____

**LEI YANG, Appellant**

**V.**

**YUZHUO CAO, Appellee**

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-22911**

---

## O P I N I O N

This is an appeal from a protective order that the trial court granted to

appellee, Yuzhuo Cao, against appellant, Lei Yang. In six issues, appellant contents

that the trial court abused its discretion by (1) issuing a lifetime protective order

without sufficient evidence of serious bodily injury; (2) ordering appellant to surrender his vehicle to appellee, to make the monthly payment on the vehicle, and to maintain its insurance; (3) ordering appellant to pay spousal maintenance; (4) improperly admitting several exhibits and improperly ruling on several objections; (5) improperly limiting appellant's cross-examination; and (6) granting relief that appellee did not request. We modify, and, as modified, affirm.

## BACKGROUND

Yuzhao Cao and appellant, her husband, lived together in a home with appellant's mother, appellant's girlfriend, appellant's twin children with his girlfriend, and appellant's girlfriend's mother.

On March 3, 2019, appellant and Yuzhao Cao argued because he wanted her to transfer her interest in a house to his mother. When Yuzhao Cao refused to do so, appellant pushed her.

The next day, March 4, 2019, the couple continued arguing over the issue of the house. When Yuzhao Cao again refused to transfer her interest in the house to appellant's mother, appellant hit her. In her affidavit in support of her request for a protective order, Yuzhao Cao described the event as follows:

> On or about March 4, 2019, [appellant] and I were home. We argued because he wanted me to transfer property to his mother. I told him no. This enraged [appellant]. He punched me in the face with a closed fist causing me pain. I attempted to leave my bedroom but [appellant] followed me. He grabbed me by my arm and continued to assault me by punching me in the face. [Appellant] pushed me against the restroom

2

door. [Appellant] attempted to lock me in my bedroom. I feared for my life. I managed to open my bedroom window. As I was escaping [appellant] ran towards me and grabbed me by my leg attempting to pull me back inside the house. I managed to get out and run. A few minutes later, I noticed [appellant] in his vehicle looking for me. [A] few moments later, the police arrived and documented this incident. Due to this incident[,] I sustained a swollen right eye. I spend (sic) the night at my friend's house. The following day I went back home and noticed the locks were changed. I called the police and they assisted me with gathering my personal belongings. I went to a confidential location.

At trial, Yuzhao Cao testified about her injuries as follows:

Q: And did you ever go to the hospital for treatment?

A: Yes, I did. No treatment, but just for some screening.

Q: Did she take x-rays?

A: Yes, they did.

Q: And what kind of an injury did you have?

[Discussion regarding whether answer would be hearsay or require a medical professional]

Trial Court: Overruled. She can answer.

A: On the medical report, my eyes was like bleeding and bleeds and then it swells. And it was pretty bad with the eye.

Q: Did you have a fracture? Small fracture?

A: No.

Q: They didn't tell you that?

[Discussion regarding whether answer would be hearsay]

3

Q: Would you be surprised to know your medical records indicate you had a fracture to your nose?

Appellant's counsel: Objection. Hearsay, Your Honor—

A. I didn't know that.

Yuzhao Cao did not testify further about a fractured nose, but she did introduce several photographs that were taken after the assault, which showed a black eye and a swollen nose.

Yuzhao Cao also presented evidence of at least two other acts of violence by appellant, as follows:

On or about June 28, of 2018, [appellant] and I argued about his other girlfriend. He pushed me to the bed with one hand.

On or about March of 2016, [appellant] and I were home. He told me that he wanted to have sex. I told him that I did not want to because I was on my menstrual cycle. [Appellant] aggressive[ly] pinned my arms [to] the bed. I yelled at [appellant] to stop. He continued to pin me down. [Appellant] forced me to have sexual intercourse against my will. I felt hopeless and disgusted. Due to this incident[,] I sustained vaginal pain.

**DURATION OF THE PROTECTIVE ORDER**

In issue one, appellant contends that "[t]he trial court abused its discretion by issuing a lifetime protective order without sufficient evidence to support its findings of appellant causing serious bodily injury to appellee."

4

*Applicable Law*

Section 85.025(a) of the Texas Family Code states that "[e]xcept as otherwise provided by this section, an order under this subtitle is effective: (1) for the period stated in the order, not to exceed two years; or (2) if a period is not stated in the order, until the second anniversary of the date the order was issued." TEX. FAM. CODE § 85.025(a). Section 85.0025(a-1), however, states that the duration of a protective order may exceed two years under certain circumstances:

> (a-1) The court may render a protective order sufficient to protect the applicant and members of the applicant's family or household that is effective for a period that exceeds two years if the court finds that the person who is the subject of the protective order:
>
>> (1) committed an act constituting a felony offense involving family violence against the applicant or a member of the applicant's family or household, regardless of whether the person has been charged with or convicted of the offense;
>>
>> (2) ***caused serious bodily injury to the applicant*** or a member of the applicant's family or household; or
>>
>> (3) was the subject of two or more previous protective orders rendered
>>
>>> (A) to protect the person on whose behalf the current protective order is sought; and
>>>
>>> (B) after a finding by the court that the subject of the protective order:
>>> (i) has committed family violence; and
>>> (ii) is likely to commit family violence in the future.

*Id.* § 85.025(a-1) (emphasis added).

5

Section 85.001(d) provides that if a court renders a protective order for a period of more than two years, the court must include in the order a finding described by Section 85.025(a-1). *Id.* § 85.001(d).

Based on these provisions, the trial court entered a protective order that provides: "[T]he Court finds the Respondent has caused serious bodily injury to the Applicant." The protective order further states that "[t]his Protective Order is effective immediately and shall continue[] [for the] life of the Respondent."

The protective order statute does not define the term "serious bodily injury." However, the Texas Penal Code defines "serious bodily injury" as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE § 1.07(46). Both statutes seek to define a specific type of injury to the victim of physical assault. Thus, we find it appropriate to consider the definition set forth in the Penal Code to determine whether there is sufficient evidence in this case of a "serious bodily injury." *See Brookshire v. Houston Indep. Sch. Dist.*, 508 S.W.2d 675, 677–78 (Tex. App.—Houston [14th Dist.] 1974, no writ) (citing *Brown v. Darden*, 50 S.W.2d 261 (1932)) ("When the Legislature defines a term in one statute and uses the same term in relation to the same subject matter in a later statute, it will be presumed that the latter use of the term is in the same sense as previously defined.").

### Standard of Review

Appellant does not challenge the sufficiency of the evidence to support the entire protective order, i.e., he does not challenge the trial court's findings that family violence has occurred and is likely to occur in the future. *See* TEX. FAM. CODE §§ 81.001, 85.001. Instead, he contends only that there is legally insufficient evidence to support the trial court's finding of "serious bodily injury."

When the trial court acts as a factfinder, we review its findings under the legal and factual sufficiency standards. *Boyd v. Palmore*, 425 S.W.3d 425, 429 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000)). When, as here, a party who does not have the burden of proof at trial challenges the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *City of Hous. v. Hildebrandt*, 265 S.W.3d 22, 27 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (citing *Assoc. Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285–86 (Tex. 1998)). If more than a mere scintilla of evidence exists, it is legally sufficient and we will overrule that issue. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005); *Hildebrandt*, 265 S.W.3d at 27. There is more than a scintilla of evidence if the evidence rises to a level that would enable reasonable and

7

fair-minded people to reach differing conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

*Analysis*

Appellant contends that the evidence is legally insufficient to show "serious bodily injury" because there is no evidence that the injury he inflicted on Yuzhuo Cao created a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of a bodily function or organ. *See* TEX. PENAL CODE § 1.07(46). We agree.

Yuzhuo Cao testified that, after she refused to transfer her interest in their home to appellant's mother, appellant hit her, and she fled. In her affidavit in support of her application for a protective order, Yuzhao Cao described the altercation by saying that appellant "punched me in the face with a closed fist" and that when she ran, appellant "continued to assault [her] by punching [her] in the face." She averred that "[d]ue to this incident [she] sustained a swollen right eye."

Yuzhao Cao introduced seven photographs into evidence, which she took over a period of five days after the assault, that showed a black eye and swollen nose. She testified that she went to the hospital for x-rays but received no treatment. When asked by her counsel whether she had suffered a fractured nose or whether she was aware that her medical records showed a fractured nose, Yuzhuo Cao answered negatively. Her medical records were not introduced at the hearing.

8

At the close of the protective order hearing, the trial court stated, "The Court is going to grant a lifetime protective order based on the injuries sustained by the Applicant causing serious bodily injury, having sustained a fracture to her nose." Based on this oral finding, the trial court's written protective order stated, "[T]he Court finds the Respondent has caused serious bodily injury to the Applicant."

We are aware of case law indicating that a fractured nose may be a "serious bodily injury." In *Brown v. State*, 605 S.W.2d 572, 575 (Tex. Crim. App. 1980), *abrogated on other grounds by Hedicke v. State*, 779 S.W.2d 837, 840 (Tex. Crim. App. 1989), evidence that a party's nose was broken and deformed on the day of the offense was sufficient to show serious permanent disfigurement, even though the disfigurement was ameliorated by subsequent medical treatment. *Id.* "The evidence was sufficient to prove that the bodily injury was serious before it was treated medically." *Id.* And, in *Camarillo v. State*, 82 S.W.3d 529, 538 (Tex. App.—Austin 2002, no pet.), evidence that the victim's nose was fractured, that such trauma could "cause a serious impairment of a person's ability to breathe," and that the victim had "a hard . . . time breathing" for fourteen months after the assault, was sufficient to show "serious bodily injury."

This case is not like either *Brown* or *Camarillo*. Contrary to the trial court's oral finding at trial, there is no evidence that Yuzhuo Cao's nose was fractured. When her counsel questioned her about whether her medical records showed, or

9

whether she was aware that her medical records showed a fractured nose, Yuzhuo Cao responded negatively. Her medical records, which presumably served as the foundation for her counsel's questioning, were not admitted at trial, and there is no other evidence of a fractured nose, much less any evidence that such a fracture caused a disfigurement or impairment of her breathing. The only evidence of bodily injury was a black eye and a swollen nose, neither of which required medical treatment. As such, we agree that the evidence is legally insufficient to show that appellant caused Yuzhao Cao serious bodily injury. *See McCoy v. State*, 932 S.W.2d 720, 722, 724 (Tex. App.—Fort Worth 1996, pet. ref'd) (holding no serious bodily injury shown by cuts to police officer's lip, lump on his head, scraped knee, and "lasting and permanent" small scar on lip).

Nevertheless, the State argues that we can affirm the trial court's lifetime protective order even without the required showing of "serious bodily injury" under Section 85.025(a-1)(2) because the State proved that appellant "committed an act constituting a felony offense involving family violence" under Section 85.025(a-1)(1). Specifically, the State argues that we can affirm the trial court's lifetime protective order because there was sufficient evidence to prove that appellant sexually assaulted Yuzhao Cao, which is "an act constituting a felony offense involving family violence . . . regardless of whether the person has been charged with or convicted of the offense." *See* TEX. FAM. CODE § 85.025(a-1)(1).

10

However, when a trial court issues a protective order lasting more than two years it "must include in the order a finding described by Section 85.025(a-1)." *See Id.* § 85.001. Here, there is no finding in the judgment to support a lifetime protective order under Section 85.025(a-1)(1) [for a felony involving family violence]; the only finding in the judgment was under Section 85.025(a-1)(2) [for "serious bodily injury"]. Because the trial court specified the basis for its lifetime restraining order, we will not review the sufficiency of the evidence to support a different basis. To do so would render the trial court's requirement of a finding under Section 85.025(a-1) superfluous.

Because there is insufficient evidence to support a lifetime restraining order under the basis specified in the trial court's finding, i.e., there is insufficient evidence of serious bodily injury to Yuzhao Cao, we sustain appellant's first issue.

An appellate court has the power to reform and correct the judgment as the law and the nature of the case may provide. *Barecky v. State*, 639 S.W.2d 943, 945 (Tex. Crim. App. 1982). When, on appeal, this Court has the same information for reforming or correcting the judgment as the trial court would have were the judgment reversed or the appeal dismissed, the judgment will be reformed and corrected on appeal. *Id.* Thus, when an affirmative finding has been improperly entered in the judgment, appellate courts may reform the judgment by deleting the finding. *See, e.g., Easterling v. State*, 710 S.W.2d 569, 582 (Tex. Crim. App. 1986); *Travelstead*

11

*v. State*, 693 S.W.2d 400, 402 (Tex. Crim. App. 1985); *see also Taylor v. State*, 78 S.W.3d 732, 741 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

Because there is insufficient evidence to support the trial court's affirmative finding of "serious bodily injury," we modify the judgment to delete the "serious bodily injury" finding and reduce the period for the restraining order from the "life of the respondent" to the maximum-allowed period of two years.

**ORDER REGARDING PROPERTY AND PAYMENTS TO APPELLEE**

The protective order required appellant to surrender one of his two cars to Yuzhuo Cao and to maintain the loan and insurance payments on the car. The protective order also required appellant to pay Yuzhuo Cao $365.11 per month in spousal support. In issues two and three, appellant contends that "[t]he trial court abused its discretion by ordering Appellant to surrender his vehicle to Appellee, pay the monthly payment and insurance in favor of Appellee, and ordering Appellant to pay spousal maintains to Appellee for an indefinite period of time in the protective order." Specifically, appellant contends that Section 85.022(a)[1] of the Family Code specifically "list[s] the various prohibitions and restrictions a trial court may order

---

[1]    Although appellant cites TEX. FAM. CODE § 85.002(a), we presume that he was referring to TEX. FAM. CODE § 85.022, which applies only to a party found to have committed family violence and provides specific requirements that may be imposed against such parties, including, among other things, ordering a battering intervention program, counseling, and prohibiting possession of a firearm.

12

Respondents to refrain from doing under a protective order," and that the statute does not mention the transfer of property or spousal maintenance payments.

However, the statutory authority for such orders is found in Section 85.021, which applies to "any party" to a protective order proceeding, and provides, in pertinent part, that in a protective order the trial court may:

> require the payment of support for a party or for a child of a party if the person required to make the payment has an obligation to support the other party or the child; or
>
> award to a party the use and possession of specified property that is community property or jointly owned or leased property.

TEX. FAM. CODE § 85.021(3), (4).

Because there is statutory authority for the trial court to order the transfer of the car, with the accompanying payments and insurance, and the spousal maintenance, we overrule issues two and three.

**IMPROPER ADMISSION OF EVIDENCE**

In issue four, appellant contends that the trial court "abused its discretion by improperly admitting and ruling on the admissibility of numerous exhibits and objections." Appellant points to six rulings by the trial court that (1) admitted Yuzhuo Cao's affidavit, (2) overruled appellant's objection to speculation, (3) overruled two objections by appellant to relevance, (4) overruled two objections by appellant to hearsay, and (5) sustained the prosecutor's relevance objection.

13

The rules of appellate procedure require that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 321 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Rule 38 requires a party to provide a legal argument, including a discussion of pertinent facts and supporting authorities so as to demonstrate the basis for the requested relief. *See, e.g., Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

Appellant's brief provides no argument or citation to legal authority to support his contention that the trial court's rulings were erroneous. Thus, we conclude that these issues have not been briefed in compliance with Rule 38 of the Texas Rules of Appellate Procedure, and we hold that they are waived. *See* TEX. R. APP. P. 38.

Accordingly, we overrule issue four.

## LIMITATION OF CROSS-EXAMINATION

In issue five, appellant contends that "[t]he Court abused its discretion [by] making objections to Appellant's cross examination of Appellee." Appellant points to two events: (1) the trial court interrupted appellant's cross-examination on the subject of marital assets, suggesting that the issue was irrelevant to the subject of family violence, and (2) the trial court interrupted appellant's cross-examination of

14

Yuzhuo Cao on her immigration status, suggesting that the issue was irrelevant to the proceeding.

Again, appellant's brief provides no argument or citation to legal authority to support his contention that the trial court's limitation of cross-examination was erroneous. Thus, we conclude that these issues have not been briefed in compliance with Rule 38 of the Texas Rules of Appellate Procedure, and we hold that they are waived. *See* TEX. R. APP. P. 38.

Accordingly, we overrule issue five.

## GRANTING RELIEF NOT PLEADED

In issue six, appellant contends that "[t]he Court abused its discretion by granting relief that was not pleaded for." Specifically, appellant argues that Yuzhuo Cao did not request the car or spousal support in her petition, thus the trial court erred in awarding it.

Even without pleadings to support these awards, unpleaded claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings. *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991); *see, e.g., Bednarz v. State*, 176 S.W.2d 562, 563 (Tex. 1944); *Watts v. St. Mary's Hall, Inc.*, 662 S.W.2d 55, 58 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.); *see* TEX. R. CIV. P. 67. A party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot

15

later raise the pleading deficiency for the first time on appeal. *Roark*, 813 S.W.2d at 495; *Nat'l Convenience Stores, Inc. v. Erevia*, 73 S.W.3d 518, 522 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see* TEX. R. CIV. P. 67.

Appellant did not complain to the trial court that the award of the car and spousal support were not supported by Yuzhuo Cao's pleading; therefore, appellant cannot raise the issue for the first time on appeal.

Accordingly, we overrule issue six.

## CONCLUSION

Because there is insufficient evidence to support the trial court's affirmative finding of "serious bodily injury," we modify the judgment to delete the "serious bodily injury" finding and reduce the period of the protective order from the "life of the respondent" to the maximum-allowed period of two years.

We affirm the protective order as hereinabove modified.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

16