**HAGGAR CLOTHING COMPANY
a/k/a Haggar Apparel Company,
Petitioner,**

v.

**Altagracia HERNANDEZ, Respondent.**

No. 03–0897.

Supreme Court of Texas.

May 13, 2005.

Jorge C. Rangel and Jon D. Brooks, The Rangel Law Firm, P.C., Corpus Christi, Neil E. Norquest and Chris A. Brisack, Norquest & Brisack, L.L.P., McAllen, TX, for Petitioners.

Aaron Pena Jr., Aaron Pana Jr. & Associates, Edinburg, John Gregory Escamilla, Watts Law Firm, L.L.P., Francisco J. Rodriguez and Ezequiel Tovar, Rodriguez Tovar & De Los Santos, LLP, McAllen, TX, for Respondent.

PER CURIAM.

Altagracia Hernandez sued her former employer, Haggar Clothing Company, alleging that she was fired in retaliation for filing a workers' compensation claim after she was injured on the job. The jury found in favor of Hernandez on her retaliation claim, found that Haggar acted with actual malice, and awarded Hernandez compensatory and exemplary damages. The trial court rendered judgment on the verdict, and the court of appeals affirmed. 164 S.W.3d 407, 2003 WL 21982181. We hold that the evidence is legally insufficient to support the jury's retaliation finding, and we therefore reverse the court of appeals' judgment and render judgment for Haggar.

Hernandez worked as a seamstress at Haggar's Weslaco plant. On February 19, 1991, she was injured at work when another employee carrying a table accidentally hit her on the chin with the table, knocking her down and causing neck, knee, and back pain as well as brief loss of consciousness. According to Haggar's records, Hernandez officially went on workers' compensation leave on February 25, 1991. She was receiving medical treatment while on leave that was covered by Haggar's workers' compensation insurance, but she hired an attorney in August 1991 when the Texas Workers' Compensation Commission began investigating whether she had reached "maximum medical improvement" such that her income benefits should cease. *See* Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1, § 4.23(b), 1989 Tex. Gen. Laws 1, 38, *repealed by* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 5(2), 1993 Tex. Gen. Laws 987, 1273 (current version at Tex. Lab.Code § 408.102(a) ("Temporary income benefits continue until the employee reaches maximum medical improvement.")).

On February 26, 1992, Haggar's Weslaco plant manager, Angel Ritchey, sent Hernandez a letter by registered mail informing her that her employment with Haggar was being terminated because she had not returned to work after a year. Haggar had a leave-of-absence policy, distributed to its employees in both English and Spanish, which provided that the maximum amount of time an employee could remain on leave, regardless of the reason, was one year. Ritchey's letter to Hernandez, written in English, stated that Hernandez had five days from the letter's postmarked date to protest the decision. Hernandez does not speak English and testified that she took the letter to her attorney, though she could not remember if she did so right away. She did not protest the decision. Hernandez also testified that Haggar never informed her of the policy, but Haggar produced a document, written in Spanish and signed by Hernandez, stating that she had received the employee handbook that contained the policy.

Hernandez sued Haggar in 1994, alleging Haggar had unlawfully terminated her for filing a workers' compensation claim in good faith. The jury found for Hernandez on her retaliatory discharge claim and found that the harm to Hernandez resulted from actual malice, awarding Hernandez $210,000 in compensatory damages and $1.4 million in exemplary damages. The trial court rendered judgment on the verdict, and Haggar appealed.

The court of appeals affirmed, holding that the evidence was legally and factually sufficient to support the jury's findings of retaliation, actual malice, and actual and punitive damages. 164 S.W.3d at 413. Haggar also raised several other points of error that the court of appeals addressed and overruled, but in this Court Haggar challenges only the legal sufficiency of the

evidence to support the jury's findings of retaliation and malice.

■ In a legal sufficiency review, "all of the record evidence must be considered in a light most favorable to the party in whose favor the verdict has been rendered, and every reasonable inference deducible from the evidence is to be indulged in that party's favor." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex.1998) (citing *Harbin v. Seale*, 461 S.W.2d 591, 592 (Tex. 1970)). If more than a scintilla of evidence supports the challenged finding, the no-evidence challenge fails. *Id.* "More than a scintilla of evidence exists where the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995) (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex.1994)). We begin by reviewing the evidence supporting the retaliation finding.

■ The Labor Code provides, in pertinent part, that a person may not discharge or discriminate against an employee because the employee has: (1) filed a workers' compensation claim in good faith; (2) hired a lawyer to represent the employee in a claim; or (3) instituted or caused to be instituted in good faith a workers' compensation proceeding. Tex. Lab.Code § 451.001(1)-(3). To prove a "retaliatory discharge" claim, the employee must show that the employer's action would not have occurred when it did had the employee's protected conduct—filing a workers' compensation claim—not occurred. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996).

■ In affirming the trial court's judgment, the court of appeals focused heavily on evidence Hernandez presented that Haggar's safety-incentive policies, which included bonus opportunities for units that had accumulated a certain number of hours without a "lost-time accident" that required an employee to miss work, pressured employees not to report workplace injuries for fear of upsetting co-workers. Hernandez also presented evidence that plant managers were under economic pressure to minimize workers' compensation claims, that she had felt pressured to remain at work the day of her accident, and that Ritchey had threatened not to pay for her treatment by a chiropractor the day after the accident. This may constitute circumstantial evidence supporting a causal link between Hernandez's termination and her filing a workers' compensation claim. We held in *Cazarez*, however, that an employer who terminates an employee pursuant to the uniform enforcement of a reasonable absence-control provision will not be liable for retaliatory discharge. *Id.* at 451 (citing *Tex. Division–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313 (Tex. 1994)). The above evidence is thus immaterial if Hernandez's termination was required by the uniform enforcement of Haggar's one-year leave-of-absence policy.

Hernandez does not argue that Haggar's one-year leave-of-absence policy was unreasonable; rather, she contends that the policy was not uniformly enforced. Hernandez presented evidence that another Haggar employee, Consuelo Gonzalez, went on leave in September 1994 due to a workplace injury. Despite the continued existence of the leave-of-absence policy, however, Gonzalez was not discharged from Haggar until May 1997 when the company closed its Weslaco plant.

■ We find Hernandez's argument unpersuasive. Gonzalez went on leave over two years after Hernandez was terminated, and it is undisputed that Gonzalez did not receive a salary while on leave and

never returned to work at Haggar after the one-year period had elapsed. Even viewed in the light most favorable to the jury's finding, the evidence shows, at most, that three years after Hernandez was terminated, Haggar failed to officially discharge one employee who had been on leave for over a year. This simply does not amount to more than a scintilla of evidence that the policy was not uniformly enforced or that Haggar's explanation for firing Hernandez was false. Stated another way, while an employer's discriminatory application of an absence-control policy may provide circumstantial evidence of retaliatory conduct, *see Cazarez*, 937 S.W.2d at 451, the Gonzalez example does not amount to such circumstantial evidence in this case. We therefore hold that there is no evidence to support the jury's finding that Haggar retaliated against Hernandez for filing a workers' compensation claim. Because there is no evidence of retaliation, we need not reach the issue of whether there is legally sufficient evidence to support the jury's finding of malice.

Accordingly, without hearing oral argument, we grant Haggar's petition for review, reverse the court of appeals' judgment, and render a take-nothing judgment in favor of Haggar. Tex.R.App. P. 59.1.

Justice JOHNSON did not participate in the decision.