United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41324
Summary Calendar
_____

CHELSEA L. CONNOR,

                              Plaintiff-Appellant,

versus

SONOCO PRODUCTS CO.,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:04-CV-280
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

    Chelsea L. Connor, proceeding pro se, moves to proceed in
forma pauperis (IFP) on appeal from the district court's grant of
Sonoco Products Company's (Sonoco) summary judgment motion and
the dismissal of her civil complaint.  Connor raised claims
against Sonoco under Title VII of the Civil Rights Act of 1964
and the Texas Labor Code, alleging that Sonoco terminated her
employment in retaliation for her filing a sexual harassment
claim and for exercising her rights under the Texas Workers'
Compensation Act.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A movant for leave to proceed IFP on appeal must show that she is a pauper and that the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3). After a de novo review, we conclude that the summary judgment evidence indicated that Connor was terminated for failing to tell her supervisor that she was leaving the plant and that said failure was considered by Sonoco to be the last straw in a string of incidents in which Connor had exhibited poor performance on the job and had ignored her supervisors' instructions. See Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994). Although Connor may have been under the perception that she either did not need to tell her supervisor that she was leaving the plant or that she could tell any supervisor at the plant that she was leaving, and not her immediate supervisor, Connor signed the employee conduct policy that stated she could be terminated without warning for leaving the plant without authorization, and she was verbally advised to tell her supervisor if she left her work area.

Moreover, the summary judgment evidence indicated that Sonoco's perception was that Connor was supposed to tell her supervisor that she was leaving the plant and that Sonoco considered such action important because it allowed the supervisor a chance to find a replacement for the line. Connor did not carry her burden of showing that she would not

have been fired but for her filing sexual harassment and workers' compensation claims.  See Shackelford v. Deloitte & Touche, 190 F.3d 398, 408-09 (5th Cir. 1999); Haggar Clothing Co. v. Hernandez, 164 S.W.3d 386, 386 (Tex. 2005).

Connor's complaint also raised a claim of negligence; however, as she has failed to address that claim on appeal, it has been abandoned.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  As Connor also fails to assert any error by the district court with respect to its denial of the motions pending when Sonoco's summary judgment motion was denied and its denial of her August 15, 2005, motion for new trial, her appeals from those rulings have also been abandoned.  Id.

Connor has failed to demonstrate that her appeal involves nonfrivolous issues.  Accordingly, IT IS ORDERED that the motion for leave to proceed IFP is DENIED and the appeal is DISMISSED AS FRIVOLOUS.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.