Opinion Issued February 28, 2008















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00936-CV
  __________
 
CITY OF HOUSTON, Appellant
 
V.
 
ALAN HILDEBRANDT, Appellee
 

 
 
On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2003-06809
 

 
 
O P I N I O N
          The City of Houston (“the City”) appeals the trial court’s judgment denying its
request for declaratory judgment and awarding Alan Hildebrandt $24,000 in statutory
penalties. On appeal, the City presents three issues, arguing that the trial court
improperly: (1) awarded statutory penalties to Hildebrandt because there is no
evidence to support the award, (2) denied its request for declaratory judgment, and (3)
granted Hildebrandt’s request for declaratory judgment. We affirm. 
Background
          Following surgery, Alan Hildebrandt, a fire fighter with the Houston Fire
Department, began using the sick leave that he had accumulated over his 30 years
working in a Fire Department suppression unit. After being on sick leave for 90
consecutive days, Hildebrandt was transferred from his suppression unit to a position
with a five-day work schedule.


 The parties agree that this transfer caused Hildebrandt
to utilize his sick leave faster than when he was a member of the suppression unit. 
          Hildebrandt filed a step I grievance,


 requesting that he be allowed to use his
sick leave on the same schedule as it was accrued. After his step I grievance was
denied, Hildebrandt filed a step II grievance,


 which was also denied. He then
submitted a written request to appeal his step II grievance to an independent hearing
examiner.


 After a hearing, the hearing examiner ordered the City to restore
Hildebrandt’s sick leave level to the amount it would have been had he remained on
a suppression unit.



          The City appealed the hearing examiner’s award to a district court, asking for
a declaratory judgment that the City is not required to implement the hearing
examiner’s award. Hildebrandt brought a counter claim, asserting that he was owed
statutory penalties that the City incurred by intentionally failing to implement the
hearing examiner’s decision in a timely manner.


 During opening statements in the
trial court, the City clarified that it was claiming that the hearing examiner acted
without or exceeded his jurisdiction in entering his award. The trial court denied the
City’s declaratory judgment action and awarded Hildebrandt $24,000 on his counter
claim. The City now appeals. 
Declaratory Judgment
          In its second issue, the City argues that the trial court erred in denying its
motion for declaratory judgment “because the Fire Chief is statutorily entitled to
assign members and to make policy relating to absences from work.”


 
Standard of Review
          We review declaratory judgments under the same standards as other judgments
and decrees. Tex. Civ. Prac. & Rem. Code Ann. § 37.010 (Vernon 1997). We look
to the procedure used to resolve the issue at trial to determine the standard of review
on appeal. City of Galveston v. Giles, 902 S.W.2d 167, 170 (Tex. App.—Houston 
[1st Dist.] 1995, no writ). The City’s motion for declaratory judgment required the
trial court to interpret the City’s rights and those of the hearing examiner under the
Local Government Code. Interpreting statutes is a legal matter, subject to de novo
review. Bragg v. Edwards Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002). A trial
court has no discretion when evaluating a question of law. See Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992). The overriding goal of statutory interpretation is to
determine the Legislature’s intent. Cont’l Cas. Co. v. Downs, 81 S.W.3d 803, 805
(Tex. 2002). In order to ascertain legislative intent, we first look to the plain and
common meaning of the words used by the Legislature. Tex. Gov’t Code Ann. §
311.011 (Vernon 2005); Argonaut Ins. Co. v. Baker, 87 S.W.3d 526, 529 (Tex. 2002). 
It is a well-settled rule of statutory construction that every word of a statute must be
presumed to have been used for a purpose. In re Bell, 91 S.W.3d 784, 790 (Tex.
2002). In ascertaining legislative intent, we do not confine our review to isolated
statutory words, phrases, or clauses, but we instead examine the entire act. Meritor
Auto., Inc. v. Ruan Leasing Co., 44 S.W.3d 86, 90 (Tex. 2001).
Analysis
          The City directs us to section 143.1095, which states that the head of a fire
department may transfer a fire fighter for numerous reasons, including for “any other
specified reason the department head considers necessary.” Tex. Local Gov’t Code
Ann. § 143.1095(a)(6) (Vernon 2008). Thus, the City argues that the trial court erred
in denying its motion for declaratory judgment, because the hearing examiner lacked
jurisdiction to enter an award which usurped the Fire Chief’s statutorily prescribed
authority to manage the Fire Department. 
          After his step II grievance was denied, Hildebrandt decided to appeal to an
independent hearing examiner pursuant to the provisions of section 143.057. See Tex.
Local Gov’t Code Ann. § 143.129. Under subsection 143.057(f), the hearing
examiner has the same duties and powers as the Fire Fighters’ Civil Service
Commission. Tex. Local Gov’t Code Ann. § 143.057(f); see also City of Houston
v. Jackson, 192 S.W.3d 764, 768 (Tex. 2006). This includes the authority to determine
whether Chapter 143 and its rules are being obeyed. Tex. Local Gov’t Code Ann.
§ 143.009 (Vernon 2008). Therefore, hearing examiners are given the power to apply,
interpret, and enforce the rules that are contained in the chapter that permits the Fire
Chief to transfer fire fighters. See Lindsey v. Fireman’s and Policeman’s Civil Serv.
Comm’n, 980 S.W.2d 233, 236 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).
          Here, the hearing examiner interpreted section 143.045 and ordered an award
based upon his interpretation; therefore, he acted within the jurisdiction afforded him
by the Local Government Code. We hold that the trial court did not err in denying the
City’s request for declaratory judgment. 
          We overrule the City’s second issue.
Sovereign Immunity
          In its third issue, the City argues that the trial court improperly granted
Hildebrandt’s suit for statutory penalties because the claim was barred by sovereign
immunity.


 Specifically, the City asserts that Chapter 143 includes no enabling clause
allowing for judicial review of Hildebrandt’s claim for statutory penalties.
Standard of Review
          As with the City’s second issue, we review interpretation of the Local
Government Code de novo. See Bragg, 71 S.W.3d at 734. Additionally, the Texas
Supreme Court has consistently held that penal statutes should be strictly construed.
See, e.g., Brown v. De La Cruz, 156 S.W.3d 560, 565 (Tex. 2004). Statutes waiving
sovereign immunity and statutes waiving governmental immunity are similarly
construed. See, e.g., Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex.
2003). “[A] statute shall not be construed as a waiver of sovereign immunity unless
the waiver is effected by clear and unambiguous language.” Tex. Gov’t Code Ann.
§ 311.034 (Vernon Supp. 2007). 
Analysis
          Hildebrandt responds to the City’s argument by asserting that subsection
143.134(h) clearly and unambiguously allows for a penalty to be pursued against the
City. Subsection 143.134(h) provides for a statutory penalty as follows: 
If the decision of the commission under Section 143.131 or the decision
of a hearing examiner under Section 143.129 that has become final is
favorable to a fire fighter, the department head shall implement the relief
granted to the fire fighter not later than the 10th day after the date on
which the decision was issued. If the department head intentionally fails
to implement the relief within the 10-day period, the municipality shall
pay the fire fighter $1,000 for each day after the 10-day period that the
decision is not yet implemented. 

Tex. Local Gov’t Code Ann. § 143.134(h). 
          In determining whether a statute affords a clear and unambiguous waiver of
immunity absent express language to that effect, one interpreting guideline is that a
statute must waive immunity “beyond a doubt,” such as “when the provision in
question would be meaningless unless immunity were waived.” See Wichita Falls
State Hosp, 106 S.W.3d at 697. 
          Here, the mandatory penalty in subsection 143.134(h) would be meaningless
unless the municipality’s immunity were waived. Therefore, because subsection
143.134(h) mandates that a municipality pay a penalty for noncompliance with a
hearing examiner’s decision after 10 days, there is a clear and unambiguous waiver of
the municipality’s immunity.


 We hold that sovereign immunity did not bar the trial
court from determining whether Hildebrandt was owed statutory penalties under
subsection 143.134(h).
          We overrule the City’s third issue.
Legal Sufficiency
          In its first issue, the City argues that the trial court erred in awarding statutory
penalties to Hildebrandt because the evidence is legally insufficient to support the trial
court’s finding that the Fire Chief intentionally failed to implement the hearing
examiner’s award.
Standard of Review
          In an appeal of a judgment rendered after a bench trial, the trial court’s findings
of fact have the same weight as a jury’s verdict, and we review the legal sufficiency
of the evidence used to support them just as we would review a jury’s findings. 
Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); In re K.R.P., 80 S.W.3d 669,
673 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). When challenged, a trial
court’s findings of fact are not conclusive if, as in the present case, there is a complete
reporter’s record. In re K.R.P., 80 S.W.3d at 673. When a party who does not have
the burden of proof at trial challenges the legal sufficiency of the evidence, we
consider all of the evidence in the light most favorable to the prevailing party,
indulging every reasonable inference in that party’s favor. Assoc. Indem. Corp. v.
CAT Contracting, Inc., 964 S.W.2d 276, 285–86 (Tex. 1998). If there is any evidence
of probative force to support the finding, i.e., more than a mere scintilla, we will
overrule the issue. Haggar Clothing Co. v. Hernandez, 164 S.W.3d 386, 388 (Tex.
2005).
Analysis
          Under subsection 143.134(h), “[i]f the department head intentionally fails to
implement the relief” awarded to the fire fighter, the municipality must pay the fire
fighter statutory penalties. Tex. Local Gov’t Code Ann. § 143.134(h). The City
notes that “department head” is defined in the Local Government Code as “the chief
or head of a fire or police department or that person’s equivalent, regardless of the
name or title used.” Tex. Local Gov’t Code Ann. § 143.003 (Vernon 2008). 
Therefore, the City argues that, because there is no evidence that the Fire Chief knew
of the award, let alone intentionally failed to implement it, the trial court’s finding is
legally insufficient.
          We rejected the identical argument in City of Houston v. Jackson. 135 S.W.3d
891, 898 (Tex. App.—Houston [1st Dist.] 2004), overruled on other grounds, 192
S.W.3d 764 (Tex. 2006). “Intent is generally a question of fact,” which “may be
proven by circumstantial evidence.” Id. Therefore, in conducting our sufficiency
review, we look to see whether there is more than a scintilla of evidence, actual or
circumstantial, that the Fire Chief intentionally failed to implement the award within
10 days.
          Here, Hildebrandt sent a letter to the City on February 12, informing it that
implementation of the award was five days past due, and that subsection 143.134(h)
provides for a statutory penalty for noncompliance after 10 days. In the letter,
Hildebrandt directed that the Fire Chief be provided a copy of the letter to ensure
timely implementation of the award. Nevertheless, the evidence shows that the City
did not implement the award until March 3, 34 days after the decision was issued. 
Therefore, we hold that there was legally sufficient evidence that the Fire Chief
intentionally failed to implement the hearing examiner’s award within 10 days. See
Haggar Clothing, 164 S.W.3d at 388.
          We overrule the City’s first issue.Conclusion
          We affirm the judgment of the trial court. 


                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.