In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00244-CV**
_____

**STERLING PAUL KELONE SR., Appellant**

**V.**

**PATRICIA BOOTHE, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CV 69022**

**MEMORANDUM OPINION**

Sterling Paul Kelone Sr. appeals the trial court's final order determining title and ownership to certain real and personal property and the existence of debts between Kelone and Patricia Boothe. In two points of error, Kelone contends the trial court abused its discretion. Finding no error, we affirm the trial court's judgment.

1

# I. Background

In February 2005, Boothe filed a petition for divorce from Kelone and sought division of their community property. Kelone filed a counter-petition for division of the property. In the counter-petition, Kelone alleged that he and Boothe were never married and never lived together as husband and wife. On March 5, 2009, the trial court signed a final decree of divorce wherein the court dissolved the marriage between Boothe and Kelone and divided the parties' marital estate. On March 16, 2009, Kelone filed a motion for new trial alleging the trial court abused its discretion in making the property division. On April 16, 2009, the trial court granted Kelone's motion for new trial.

On February 9, 2012, after hearing evidence and testimony as to the issue of whether Kelone and Boothe were married, the trial court found no informal or common law marriage existed between the parties and entered an order indicating the same. Thereafter, the parties requested the trial court to consider and rule on all remaining claims asserted by and between the parties by written submission. The parties submitted as evidence various affidavits and documents for the court's consideration. The trial court admitted all affidavits, documents, and other writings submitted by the parties without objection.

On February 19, 2013, the trial court issued a final order. Based on the evidence submitted by the parties, the trial court determined title and ownership to real and personal property claimed by the parties and the existence of a legal debt between the parties—specifically that Kelone is indebted to Boothe for $34,644.59 plus interest. On March 18, 2013, Kelone filed a motion for new trial. Kelone now appeals the trial court's denial of his motion for new trial and judgment.

## II. Motion for New Trial

In his first issue, Kelone argues that the trial court committed reversible error by denying his motion for new trial. He contends the trial court erred in denying his motion because he presented newly-discovered evidence that proves that the trial court's judgment is based on a fraudulently-altered document and on Boothe's perjured testimony.

We review a trial court's denial of a motion for new trial based on newly-discovered evidence for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). Under this standard, we may not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004); *El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 368 (Tex. App.—Dallas 2005, no pet.) (citing *Beaumont Bank, N.A. v. Buller*, 806

3

S.W.2d 223, 226 (Tex. 1991)). We indulge every reasonable presumption in favor of the trial court's failure to grant a new trial. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809-10 (Tex. 1983), *overruled in part on other grounds by Moritz v. Preiss*, 121 S.W.3d 715 (Tex. 2003). The Texas Supreme Court has explained the requirements for granting a motion for new trial based on newly-discovered evidence:

> A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted.

*Waffle House, Inc.*, 313 S.W.3d at 813. A party's allegations alone will not be enough to obtain a new trial on the basis of newly-discovered evidence; rather, the party must introduce admissible evidence at a hearing on the motion for new trial that establishes such essential facts as the party's lack of prior knowledge of the newly-discovered evidence, the party's prior diligence toward discovering the evidence, and the nature of the newly-discovered evidence. *Strong v. Strong*, 350 S.W.3d 759, 772 (Tex. App.—Dallas 2011, pet. denied).

Kelone has failed to demonstrate that he was entitled to a new trial based on newly-discovered evidence. Kelone did not show that the evidence of the altered document or the alleged perjured testimony came to his knowledge after the trial.

4

*See Waffle House, Inc.*, 313 S.W.3d at 813. He contends on appeal that the document, a deposit slip, was not provided to the trial court prior to the motion for new trial. However, the relevant point in time is not when the trial court receives the evidence, but rather when Kelone gained knowledge of the evidence. *See id.* In his brief, Kelone contends that he did not learn of Boothe's alleged fraud until after the final order was signed, but Kelone does not support this contention with any record references. Kelone did not attach any affidavits to his motion for new trial to support his contention that he learned of Boothe's alleged fraud, her alleged perjury, or the existence of any newly-discovered evidence after the trial of this matter. While Kelone testified during the motion for new trial hearing, we find no testimony to support his contention that he did not or could not have discovered, through the exercise of due diligence, Boothe's alleged perjury or the existence of the deposit slip before the trial court entered its final judgment. The original petition in this case has been on file since February 2005, approximately eight years by the time the trial court entered final judgment in February 2013. Even if the record supported that Kelone had no knowledge of the evidence until after the trial, Kelone has not shown that his failure to discover the evidence sooner was not due to lack of diligence. *See id.*

5

Finally, the evidence Kelone sought the court to consider is cumulative of evidence the court considered during the trial of this matter and would likely not produce a different result if a new trial were granted. *See id*. During the hearing on Kelone's motion for new trial, the trial court reviewed the deposit slip that Kelone contends was new evidence. The trial court noted that the deposit slip seemed to be the exact exhibit that was admitted during the trial of the case. Kelone's counsel explained that the exhibit he was offering was the original deposit slip, whereas, at trial, the court only had a copy of the deposit slip. Kelone contends that unlike the copy submitted during the trial, the original proves that the document had been altered. While the record is not entirely clear on this point, it appears that the deposit slip was one part of a multi-part deposit slip from Hull State Bank. The deposit slip admitted during the motion for new trial appears to be a carbon copy of the deposit slip and not the top layer of the slip. At the bottom of the carbon copy of the deposit slip, written in a different color of ink, is the notation "Loan from Patricia[.]" According to Kelone, after the parts of the deposit slip were separated, Boothe altered the deposit slip by adding this notation. However, Kelone's counsel admitted during the hearing that he had made the same argument during the trial—that Boothe had altered the deposit slip and was submitting it to the court under false pretenses.

6

The record reflects that Boothe submitted an affidavit wherein she testified that she loaned Kelone $37,000. She testified that she borrowed the funds from Hull State Bank and then deposited the money into an account owned by Kelone. Boothe attached the deposit slip to her affidavit. The deposit slip contains the same notation as the exhibit Kelone contends is newly-discovered evidence. Boothe testified that she prepared a promissory note with Kelone as the maker and Boothe as the payee, but explained that Kelone refused to execute the note giving only his "word" that he would repay her. According to Boothe, Kelone made a number of payments to Hull State Bank on the note. Kelone filed a response to Boothe's affidavit. Kelone argued that he never borrowed $37,000 from Boothe. He further argued that the evidence Boothe relies on to support her claim is a deposit slip which he argued Boothe altered after suit was filed.

Kelone's motion for new trial does not meet the requisites for a new trial based on newly-discovered evidence. *See Waffle House, Inc.*, 313 S.W.3d at 813. Kelone did not show that the evidence was, in fact, "newly" discovered, or that his failure to discover the evidence sooner should be excused. *See id.* He did not show that the new evidence was so material that it would probably produce a different result were a new trial granted. *See id.* We conclude Kelone has not shown the trial court abused its discretion by denying the motion for new trial. The trial court

7

could have reasonably concluded Kelone did not demonstrate grounds for a new trial based on newly-discovered evidence. We overrule Kelone's first issue.

### III. Legal Sufficiency of the Evidence

In his second point of error, Kelone argues that the trial court abused its discretion when it failed to find that Boothe owed Kelone $15,000 for a loan Kelone alleged he made to Boothe.[1] He contends that the evidence establishes that Boothe owes him $15,000, and there is no evidence to support a contrary finding. We treat Kelone's complaint as a challenge to the legal sufficiency of the evidence to support the trial court's finding that Boothe did not owe Kelone a legal debt. *See* Tex. R. App. P. 38.9.

In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We review the trial court's findings of fact under the same legal sufficiency of the evidence standard we use when determining whether sufficient evidence exists to support an answer to a jury question. *Id*. We credit

---

[1]Within his second point of error, Kelone argues that Boothe regularly forged Kelone's name when writing herself checks from his account. To the extent Kelone is arguing that he is entitled to recovery of amounts received by Boothe from her alleged forgery, or that he is otherwise entitled to offset any amounts he owes Boothe, we find that, even under a liberal construction of Kelone's brief, this issue is not briefed adequately. *See* Tex. R. App. P. 38.1(i). Thus, Kelone has waived any such argument.

favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support the finding. *Id.* at 822. The trial court, as factfinder, was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See id.* at 819. The trial court may choose to believe one witness and disbelieve another, and we will not substitute our own opinion to the contrary. *See id.*

We will sustain a legal sufficiency or no-evidence challenge if the record reveals (1) the complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810; *Barnett v. Havard*, No. 09-12-00310-CV, 2014 WL 2611153, at \*3 (Tex. App.—Beaumont June 12, 2014, no pet.) (mem. op.); *Helping Hands Home Care, Inc. v. Home Health of Tarrant Cnty., Inc.*, 393 S.W.3d 492, 505 (Tex. App.—Dallas 2013, pet. denied). If more than a scintilla of evidence exists to support the finding, the legal sufficiency or no-evidence challenge fails. *See Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005).

On appeal, Kelone contends that he made Boothe a loan of $15,000. However, during the trial of this matter, while not entirely clear, Kelone appeared to make an argument to the trial court not that Kelone loaned money to Boothe, but that Boothe had converted money that Kelone had placed in her safekeeping. The record includes a letter dated May 9, 2012, from counsel for Kelone, forwarding to the court "Kelone's testimony and the exhibits that support the testimony" in this matter. Attached to the letter is a five-page typewritten account from Kelone. We note the statement is not sworn to or otherwise verified. In the document, Kelone states:

> On or about July 24, 2000, I gave [Boothe] $15,000 cash to put in a Certificate of Deposit at Hull State Bank for me. When she returned that afternoon she told me that she went to Bayshore Bank instead because they paid more interest and she had put it in her name because she already had a CD there and they would pay more with it in her name. I asked for paperwork showing the $15,000 was my money, so she wrote on the back of the deposit slip and gave it to me, see Exhibit #4. Based on the average interest rate for a certificate of deposit from July 24, 2000 to March of 2012 this CD should value at $22,361.56 and I would like that amount returned to me.

On October 15, 2012, Kelone's counsel sent another letter to the court detailing his contentions regarding the contested property and the debts between the parties. In that letter, Kelone's counsel states that Kelone was seeking a money judgment from Boothe for, among other items, "$25,000.00 Certificate of Deposit which she put in her name from Sterling Paul Kelone's funds and all interest." On November

10

7, 2012, Kelone's counsel sent the court another letter indicating his contentions regarding the contested property and the debts between the parties, and once again indicated he was seeking a monetary judgment for $25,000 from Boothe for the certificate of deposit. The record includes a copy of the deposit receipt issued from Bayshore National Bank on July 24, 2000. The receipt reflects that $15,000 was deposited into account number 405613120. Underneath the copy of the receipt is a handwritten note that states, "To Whom this may concern, this Deposit of $15,000.00 made on 7-24-00 into the account number 405613120 belongs to Sterling Kelone." The handwritten note appears to be signed by Boothe.

The record includes multiple affidavits submitted by Boothe in support of her claims. In each of Boothe's affidavits, she attests to her personal knowledge of and to the truthfulness of the statements made in the various exhibits to her affidavits. In these exhibits, Boothe responds to Kelone's claim that she owes him $15,000 plus interest. Boothe denies that Kelone ever gave her money to put into an account for him. She explained that Kelone wanted her to make a commitment to him that she would always be in his life and asked her to place some funds in an account for him in the event that something should happen to her. While Boothe complied with Kelone's request, according to Boothe, these funds did not belong

to Kelone but to her. Regardless of where the funds originated, Boothe contends that Kelone expended these funds during a period of inconsistent employment.

The trial court issued findings of fact and conclusions of law. The court found that "[t]here is no credible evidence that Boothe is indebted to Kelone under any legal theory." The trial court concluded that "Boothe is not indebted to Kelone."

As noted above, on appeal, Kelone claims that Boothe owes him $15,000 as repayment for a loan. Assuming that Kelone has properly pled a claim for relief based on this theory, for Kelone to recover on this theory he must establish that Boothe had an obligation to pay a debt to him and that she has not satisfied that obligation. *See Carter v. Johnson*, No. 11-03-00178-CV, 2005 WL 283529, at *2 (Tex. App.—Eastland Jan. 31, 2005 no pet.) (mem op.); *Cauble v. Handler*, 503 S.W.2d 362, 364 (Tex. Civ. App.—Fort Worth 1973, writ ref'd n.r.e.). Here, Boothe produced affidavit testimony to the trial court that Kelone never gave her $15,000 and never asked her to deposit those funds on his behalf. She further testified that while the funds were not Kelone's, she had already given Kelone the funds he sought in the lawsuit because he had demanded the money from her. Therefore, even if the $15,000 belonged to Kelone, there is evidence that Boothe has already given him the money. To the extent Kelone complains that Boothe's

12

testimony was not credible or trustworthy, that issue was for the factfinder to resolve. *See City of Keller*, 168 S.W.3d at 819. Viewing the evidence in a light most favorable to the trial court's findings, we conclude the evidence is legally sufficient to support the trial court's finding that Boothe is not indebted to Kelone. We overrule Kelone's second issue.

Having overruled both of Kelone's issues on appeal, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on June 25, 2014
Opinion Delivered June 25, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.