**AFFIRMED and Opinion Filed December 22, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00994-CV

### KENNETH HENRY, Appellant
### V.
### MARC A. NOTZON AND LAW OFFICE OF MARC A. NOTZON, P.C.,
### Appellees

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-13449**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Pedersen, III

Appellant Kenneth Henry sued appellees Marc A. Notzon and the Law Offices of Marc A. Notzon, P.C. (together, Notzon) claiming a breach of fiduciary duty. The trial court granted summary judgment in favor of Notzon based on collateral estoppel. In two appellate issues, Henry argues the trial court erroneously granted summary judgment and erroneously denied Henry's motions to compel certain discovery by Notzon. We affirm the trial court's judgment.

## Background

On May 29, 2015, Henry was driving a truck for his long-time employer, Time Warner Cable (TWC). As a Maintenance Technician, Henry was assigned a company truck to drive to commercial and residential locations to install and repair cable services. Henry ran a red light and hit another vehicle; Henry and the three people in the other vehicle were seriously injured, and both vehicles were totaled. That accident touched off a series of business and legal proceedings, culminating with this case now on appeal.

### Henry's Termination

Well before the 2015 accident, TWC learned that Henry had been diagnosed with insulin-dependent diabetes mellitus. On the day of the accident, a co-worker raised a question about Henry's behavior, claiming Henry was acting "weird and combative." Concern was expressed about Henry's blood sugar, and a supervisor was notified. For part of the day, Henry rode in a truck with the supervisor. Eventually he "was put back in his company truck and told to go home." That was when the accident occurred. Henry's injuries included broken vertebrae.

Just days after the accident, Notzon undertook representation of both Henry and TWC in regard to the accident; Notzon had represented TWC for many years. Notzon called Henry, requesting a list of his medications. Henry took his medications to TWC, where he met with Notzon and a number of TWC employees. The group discussed Henry's diabetes, his medications, and the accident. Days after

that meeting, according to Henry, an Accident Review Committee (ARC) conducted a review of the accident.[1] Notzon and a number of TWC representatives attended the proceeding.

Henry continued to be treated for his injuries. He filed a worker's compensation claim and was released to return to work on September 7, 2015. Shortly thereafter, according to TWC and Notzon, an ARC was held. (A TWC representative testified that these committees typically review an accident within seven days, but this one was delayed because of Henry's leave of absence.) Henry learned that Notzon had spoken with TWC representatives before and after that proceeding. Notzon contends he spoke with Henry then as well and advised him "to say very little to avoid criminal prosecution." Henry denies that Notzon spoke to him at all concerning the proceeding, and Henry denies attending the proceeding. Indeed, Henry questions whether a September ARC actually occurred. According to TWC, the ARC determined that Henry's accident had been avoidable.

On October 2, 2015, Henry's employment was terminated. TWC asserted that Henry was fired because he was responsible for a severe, avoidable accident.

---

[1] In our record, the acronym ARC is sometimes used to refer to the committee and sometimes used to refer to the committee's procedure for reviewing an accident.

*The Ward Lawsuit*

Both Henry and TWC were sued by the three people in the vehicle struck by Henry.[2] Notzon represented both defendants throughout the suit, and he eventually negotiated settlements with all three plaintiffs. Documents indicate that Notzon's representation of Henry was paid for by ESIS, Inc., the entity that administered Henry's worker's compensation claim.

*Henry v. TWC*

Henry sued TWC for wrongful termination in federal court. He claimed that TWC discriminated against him because of his disability, i.e., his diabetes. He also alleged that TWC fired him in retaliation for his filing a worker's compensation claim. In a summary judgment proceeding discussed in more detail below, the trial court concluded that Henry was unable to prove either of his claims because the summary judgment evidence established that TWC fired him for causing a severe, avoidable accident. Henry appealed the trial court's decision to the Fifth Circuit Court of Appeals; that court affirmed the judgment for TWC.

*Henry v. Notzon*

Henry filed this lawsuit against Notzon in August 2019. He contends that Notzon breached the fiduciary duty he owed Henry while representing him.

---

[2] The lawsuit was styled *Wanda Adaway and Anethra Ward, Individually and as Next Friend of Ladaysha Robinson, a Minor v. Time Warner Cable Texas, LLC and Kenneth Raynard Henry*; it was filed in the same court as this suit, the 191st District Court of Dallas County.

Specifically, Henry charges that Notzon gave TWC information at the time of the September ARC that resulted in TWC's terminating Henry. Notzon did not disclose to Henry that he was meeting with TWC, and he refused to disclose anything he had told TWC about Henry. Henry complains further that Notzon has misrepresented facts surrounding his role in the termination, including the contention that there was an ARC on September 25, 2015, and that he warned Henry to say little to avoid criminal charges. Henry contends that Notzon was involved in the decision to fire Henry, to "orchestrate" the September ARC so that it would appear the accident was solely the fault of Henry, and to exculpate TWC for its own gross negligence in allowing Henry to drive. Henry pleaded that these violations of Notzon's duty caused TWC to terminate Henry's employment, and he alleges that he suffered not only a loss of employment-related benefits, but also actual and exemplary damages as a result.

Notzon filed a traditional motion for summary judgment, arguing that Henry was unable to prove that any breach of duty by Notzon was the cause of his termination and the damages that flowed from that termination. Notzon asserted that the cause of Henry's termination had been determined in the federal lawsuit: TWC fired him because he caused a severe, avoidable accident. Notzon argued that the doctrine of collateral estoppel, thus, barred relitigation of the causation issue. The trial court granted Notzon's motion.

As the case proceeded below, Henry pressed for discovery of a number of documents that Notzon contended were privileged based on his attorney-client relationship with TWC. The trial court denied Henry's motions to compel production of the documents.

Henry's appeal in this Court challenges the trial court's grant of summary judgment and its denial of his motions to compel.

**Summary Judgment Based on Collateral Estoppel**

The affirmative defense of collateral estoppel—sometimes called issue preclusion—bars the successive litigation of an issue of fact or of law that was actually litigated and resolved in a valid court determination essential to the prior judgment. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In his first issue, Henry argues that the trial court erred by granting Notzon's motion for summary judgment based on collateral estoppel.[3] This defense is designed to "promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

*Henry v. TWC: The First Motion for Summary Judgment*

Henry's federal court wrongful termination suit was predicated on two legal theories: discrimination based on his disability and retaliation for his filing a

---

[3] Although the parties initially briefed additional issues in the trial court, they have agreed that only the issue of collateral estoppel could support the trial court's summary judgment.

worker's compensation claim. TWC filed a motion for summary judgment seeking to show (1) that Henry could not prove either discrimination or retaliation, and (2) that the summary judgment evidence actually proved a different reason for Henry's termination, i.e., the fact that he had caused a severe, avoidable accident. The Honorable Judge David Godbey issued a Memorandum Opinion, granting TWC's motion. *Henry v. Spectrum LLC*, No. 3: 18-CV-01 086-N (N.D. Tex. March 3, 2019) (*Henry I*).

The court applied the burden-shifting test from *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973) in evaluating this claim. It concluded that even if all inferences were drawn in favor of Henry to conclude that he made a prima facie showing of discrimination, TWC had articulated a legitimate, nondiscriminatory reason to terminate Henry's employment, and Henry had failed to show that a reasonable jury could conclude that TWC's reasons for terminating Henry were mere pretext. *Henry I* at 6–7.[4] Ultimately, the court concluded:

> In sum, Henry cannot show either direct or circumstantial evidence of disability discrimination. That the parties dispute whether Henry's diabetes was in fact the cause of the accident is irrelevant. Time Warner alleges that Henry's condition was never a factor in its decision, and Henry produces no evidence to create a reasonable inference that it was.

---

[4] The opinion considered and rejected both of Henry's arguments concerning pretext: that TWC gave inconsistent explanations regarding his termination and that TWC departed from its disciplinary policy in terminating him. The court concluded that Henry may have identified conflicting evidence about issues such as timing or personnel involved, there was no conflicting evidence about *why* he was fired. *Id.* at 6—7. And although Henry argued that company policy called for progressive punishment, the court pointed out that the policy provided that severity of an accident can accelerate punishment up to and including termination. *Id.* at 7.

> The Court thus grants summary judgment to Time Warner as to Henry's ADA discrimination claim.

*Id.* at 7.

The opinion goes on to assert that, if he was to survive summary judgment on his workers' compensation retaliation claim, "Henry must show that 'the employer's action would not have occurred when it did had the employee's protected conduct filing workers' compensation claim not occurred.'" *Id.* at 8 (citing *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2006)). But the court concluded: "In short, [Henry] has not given the Court any evidence suggesting that he would have been treated differently but for his decision to file for workers' compensation." *Henry I* at 9.

Having concluded that TWC's stated reason for terminating Henry's opinion was not a pretext and that Henry had provided no evidence that the termination would not have occurred when it did if he had not filed his workers' compensation claim, Judge Godbey granted TWC's summary judgment motion and dismissed Henry's suit for wrongful discharge. *Id.*

Henry appealed, and the Fifth Circuit affirmed. *See Henry v. Spectrum, L.L.C.,* No. 19-10452 (5th Cir. 20119) (per curiam, not designated for publication). As to Henry's claim for discharge based on his disability, the court stated:

> To succeed, Henry needed to create a fact issue about Time Warner's motive in firing him. The company's safety policy explicitly allowed for immediate termination for severe accidents. The undisputed facts indicate that is what happened here.

*Id.* at 4 (interior citation omitted). And when reviewing Henry's retaliation claim, the court agreed with the trial court that Henry failed to establish causation. It concluded that there was "nothing in the record" supporting a conclusion that Henry would have been treated differently but for his filing for workers' compensation. *Id.* at 6.

Thus, the Fifth Circuit affirmed that Henry was unable to establish that his termination was caused by discrimination or retaliation. Instead, the termination was caused by TWC's conclusion that Henry had caused a severe, avoidable accident.

*Henry v. Notzon: The Second Summary Judgment Motion*

In this lawsuit, Henry alleges a breach of Notzon's fiduciary duty, tied primarily to Notzon's undisclosed meetings and communications with TWC which, Henry contends, caused TWC to fire him. To prevail on a breach of fiduciary duty claim, a plaintiff must prove three elements: the existence of a fiduciary duty, a breach of the duty, and damages caused by the breach. *Las Colinas Obstetrics-Gynecology-Infertility Ass'n, P.A. v. Villalba*, 324 S.W.3d 634, 645 (Tex. App.— Dallas 2010, no pet.).

Notzon's traditional summary judgment motion raised the affirmative defense of collateral estoppel. He argued that the issue of causation of damages had been conclusively determined against Henry in the federal lawsuit. Judge Godbey's opinion, affirmed by the Fifth Circuit, determined that the actual (i.e., not pretextual) reason for Henry's termination was TWC's good faith belief that Henry had caused

a severe, avoidable accident. Thus, Notzon argues, Henry is precluded in this lawsuit from arguing that it was Notzon's betrayal that caused the termination and damages that flowed from it. *See, e.g., Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 521 (Tex. 1998) ("If a cause of action in the second lawsuit involves an element already decided in the first lawsuit, that cause of action is barred.").

The trial court granted Notzon's motion, and Henry appeals that order. The application of collateral estoppel is a legal question that we review de novo. *See In re J.A.C.*, No. 05-17-00768-CV, 2018 WL 2191604, at *3 (Tex. App.—Dallas May14, 2018, no pet.) (mem. op.).

*The Requirements of Collateral Estoppel*

A party attempting to establish that a claim is barred by collateral estoppel must prove: (1) that the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) that those facts were essential to the judgment in the first action; and (3) that the party against whom the doctrine is asserted was a party in the first action. *See Trapnell*, 890 S.W.2d at 801. In this case, it is undisputed that Henry was a party to his suit for wrongful discharge against TWC and that he is bound by its judgment. Accordingly, we discuss in detail only the first two collateral estoppel requirements.

(1) Relitigation of the same facts

Notzon's motion for summary judgment argued that the cause of Henry's termination from TWC was fully and fairly litigated in the TWC case. To determine whether facts were fully and fairly litigated in the first suit, we consider whether the parties were fully heard, whether the court supported its decision with a reasoned opinion, and whether the decision was subject to appeal or was in fact reviewed on appeal. *Webb v. Diversegy, LLC*, No. 05-17-01258-CV, 2019 WL 1146707, at \*4 (Tex. App.—Dallas Mar. 13, 2019, pet. denied) (mem. op.).

Our review of the summary judgment proceedings in federal court indicate that the parties were fully heard. TWC's summary judgment motion addressed both of Henry's claims. TWC established first that—even if Henry could establish a prima facie case of discrimination based on a disability—it had an articulable, non-discriminatory reason to terminate Henry's employment, namely Henry's causing a severe, avoidable accident. Henry responded to the motion, but he offered no evidence that the reason articulated by TWC was pretextual. Similarly, Henry was unable to offer any evidence that he would not have been terminated when he was if he had not filed a worker's compensation claim.

Judge Godbey addressed each of Henry's attempts to defeat TWC's motion, but he rejected the evidence offered by Henry as irrelevant or insubstantial. The opinion relies on the summary judgment record and settled law. We conclude that the *Henry I* opinion is well reasoned. That conclusion is supported by the fact that

–11–

the Fifth Circuit affirmed not only Judge Godbey's disposition of the case, but also his rationalization, stating:

> To succeed, Henry needed to create a fact issue about Time Warner's motive in firing him. The company's safety policy explicitly allowed for immediate termination for severe accidents. The undisputed facts indicate that is what happened here.

*Id.* at 4.

Henry disputes that this case turns on facts litigated in the federal case. He argues that because Notzon's ethical breaches were hidden at the time of the federal proceeding, the breach of his fiduciary duty to Henry could not have been litigated then. This argument appears to misunderstand the nature of collateral estoppel. To the extent Henry is focused on his tort *claim* for breach of fiduciary duty, we stress that collateral estoppel does not operate to preclude claims; instead, it precludes relitigation of specific facts or issues. *See Trapnell*, 890 S.W.2d at 801.[5] For that reason, collateral estoppel can apply in two cases based on different claims, so long as the issue determined in the first case appears in the second case as well. *See Webb*, 2019 WL 1146707, at *4 ("Collateral estoppel prevents relitigation of issues resolved in a prior suit, even if the issue recurs in the context of a different claim."). Here, Notzon contends that a specific factual issue—the cause of Henry's termination—has already been legally determined, and, therefore, its relitigation is

---

[5] To the extent Henry is focused upon a failure to prove the *element* of breach within his breach of fiduciary claim, we address that concern below.

precluded. Notzon's defense is not defeated because the cause of Henry's termination was determined in a lawsuit that urged different claims.

We conclude that the cause of Henry's termination was fully and fairly litigated in federal court. In that proceeding "the undisputed facts" established that he was fired by TWC because he caused the severe, avoidable accident that injured himself and others.

(2) Proof of causation was essential to the first judgment

To determine whether a fact issue is essential to the judgment, we look to the factual determinations that were necessary to form the basis of the first judgment. *Tarter v. Metro. Sav. & Loan Ass'n*, 744 S.W.2d 926, 928 (Tex. 1988). Henry's brief acknowledges that causation was an essential element of both bases of his wrongful discharge claim:

> In the prior case, the essential elements Henry sought to prove under the Americans Disabilities Act were: (1) he has a disability or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision *because of* his disability.
>
> *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 341 (5th Cir. 2019) (emphasis added).
>
> With respect to the workers' compensation retaliation claim, Henry sought to prove: that (1) he, in good faith, filed a workers' compensation claim; (2) he suffered an adverse employment action; and (3) *there is a causal link between the two*, i.e., that the filing of the claim was a "determining factor" in his discharge.
>
> *Continental Coffee Products Co. v. Cazares*, 937 S.W.2d 444 (Tex. 1996) (emphasis added).

–13–

Importantly, Henry has claimed the same injury in both lawsuits: termination of his employment. In addition, Henry has claimed the same damages flowing from that termination: past and future lost earnings and employee benefits; compensatory damages, including mental anguish and other nonpecuniary losses; and exemplary damages.[6] In both lawsuits, thus, Henry was required to prove that the defendant's tortious conduct caused his termination and those damages. The question raised, then, is whether Henry can prove that Notzon's conduct, however reprehensible it may have been, caused TWC to fire Henry, because the federal courts have concluded that the cause of his termination was actually the severe, avoidable accident that he caused.

Henry contends that collateral estoppel cannot apply because Notzon's duties and responsibilities to Henry were never decided in any fashion in the federal suit. In effect, Henry argues that because his attorney's disloyal conduct—the breach element of Henry's breach of fiduciary duty claim—was not an element of his prior claims against TWC, the factual issues litigated in the wrongful termination case can have no preclusive effect in this case. We have already confirmed that the claims in two lawsuits need not be identical for collateral estoppel to apply. *See Webb*, 2019 WL 1146707, at *4. It follows necessarily that all of the essential elements of the claims urged in the two actions need not be identical. It is sufficient to invoke the

---

[6] The single addition to Henry's demand in this action is the equitable remedy of fee forfeiture, which we address in the next section of this opinion.

–14–

doctrine of collateral estoppel if one essential element, proven in the first action, is also necessary to the second. *See State & Cnty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001) ("The issue decided in the prior action must be identical to the issue in the pending action.").

Finally, if Henry's argument directed at proof of the element of breach is a challenge to the sufficiency of Notzon's summary judgment motion, we must reject it as well. A defendant may prevail on summary judgment if he establishes as a matter of law that the plaintiff-movant cannot establish one element of his cause of action. *See Wilbert Family Ltd. P'ship v. Dallas Area Rapid Transit*, 371 S.W.3d 506, 510 (Tex. App.—Dallas 2012, pet. dism'd). Texas law does not require the defendant to disprove every element of the plaintiff's claim.

We are not unsympathetic to Henry's contentions concerning his attorney's conduct. An attorney owes a fiduciary duty of loyalty to his client throughout the course of the representation. *Gillis v. Provost & Umphrey Law Firm, LLP*, No. 05-13-00892-CV, 2015 WL 170240, at *10 (Tex. App.—Dallas Jan. 14, 2015, no pet.). The existence of a joint representation does not somehow diminish that duty. But this is not a case in which we are charged with adjudging the sufficiency of a jury's findings concerning an attorney's violation of his duties. We can only determine the issue before us: whether the trial court erred in granting Notzon's motion for summary judgment on the ground that Henry is collaterally estopped from proving that Notzon's breach was the cause of his termination.

–15–

Causation is an essential element in a client's claim seeking actual damages as a remedy for his breach of fiduciary duty claim. *Rogers v. Zanetti*, 517 S.W.3d 123, 136 (Tex. App.—Dallas 2015), aff'd, 518 S.W.3d 394 (Tex. 2017). It was also an essential element in Henry's wrongful termination claims. *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 341 (5th Cir. 2019); *Continental Coffee Products Co. v. Cazares*, 937 S.W.2d 444 (Tex. 1996). And the injury allegedly caused in both cases is identical. Accordingly, we conclude the trial court appropriately applied the doctrine of collateral estoppel in this case.

*The Equitable Exception for Proof of Causation*

Henry contends that, even if he cannot prove causation, his claim should survive. He relies upon the case of *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214 (Tex. 2017). In that case, the church alleged that one of its lawyers, Mr. Parker, had breached his fiduciary duty to inform the church when he learned that another lawyer had stolen over a million dollars of the church's money that was being held in the law firm's trust account. *Id.* at 217—18. The court of appeals had affirmed the trial court's summary judgment in favor of Parker, concluding that Parker's conduct had not caused the church's loss. *Id.* at 219. In the supreme court, the church argued—as Henry does here—that it did not have to prove causation in a breach of fiduciary case. *Id.* at 220. The supreme court reviewed its earlier decisions in *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (1942), in which a disloyal agent was forced to return his "secret commission,"

and *Burrow v. Arce,.* 997 S.W.2d 229, 240 (Tex. 1999), in which attorneys who breached fiduciary duties to their clients were forced to return their fees to those clients. *Id.* at 220—21. Then the supreme court delivered this succinct statement of the rule concerning when proof of causation is and is not required in a breach of fiduciary duty case:

> In neither of those cases did we hold that a client need not prove that a breach of fiduciary duty caused actual damages if a client is claiming such damages. Plainly put, for the church to have defeated a no-evidence motion for summary judgment as to a claim for actual damages, the church must have provided evidence that Parker's actions were causally related to the loss of its money. It did not do so. On the other hand, the church was not required to show causation and actual damages as to any equitable remedies it sought.

*Id.* at 221.

It is not entirely clear what Henry hopes to recover at this point in his lawsuit. As we discussed above, he pleaded entitlement to actual and exemplary damages. At one point in his appellate brief, Henry states that he "only seeks equity," and Henry did request fee forfeiture in this case. But in his reply brief, Henry reasserts that he "is entitled to equity, compensatory damages, and potentially exemplary damages."

Based upon the *Parker* rule quoted above, we conclude that Henry is not entitled to actual damages because he has failed to prove that Notzon's conduct caused such damages. *See id.* Moreover, Texas law forbids recovery of exemplary damages in the absence of an award of actual damages. TEX. CIV. PRAC. & REM. CODE ANN. § 41.004(a).

The *Parker* rule allows a client to force his unfaithful lawyer to forfeit his fees, even in the absence of proof of causation. But Henry did not pay Notzon's fees; TWC's worker's compensation administrator paid them. Henry asserts without citation that "whether Henry paid fees is irrelevant. His lawyer deceived him." But Texas law does not allow disgorgement of amounts not paid by the client. *Liberty Mut. Ins. Co. v. Gardere & Wynne, L.L.P.*, 82 Fed. Appx. 116, 118 (5th Cir. 2003).

We conclude the trial court did not err by granting summary judgment in Notzon's favor. We overrule Henry's first issue.

## Denial of Henry's Motions to Compel

In his second issue, Henry argues that the trial court erroneously denied his motion to compel production of Notzon's file (specifically including all of the documents identified in Notzon's privilege log and a calendar used to refresh Notzon's recollection in proceedings below) and refused to compel Notzon to answer all questions regarding his secret meetings with TWC. The materials sought by Henry through his motions to compel may be relevant to the breach element of his breach of fiduciary duty claim. However, our resolution of Henry's first issue renders these discovery matters moot.

We need not address the substance of Henry's second issue.

**Conclusion**

We affirm the trial court's judgment.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

Molberg, J., dissenting.
200994F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH HENRY, Appellant

No. 05-20-00994-CV        V.

MARC A. NOTZON AND LAW
OFFICE OF MARC A. NOTZON,
P.C., Appellees

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-13449.
Opinion delivered by Justice
Pedersen, III. Justices Schenck and
Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Marc A. Notzon and Law Office of Marc A. Notzon, P.C. recover their costs of this appeal from appellant Kenneth Henry.

Judgment entered December 22, 2022